IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOSOYA, | 1:09-cv-00695 WMW (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| vs. | |
| M. CATE, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a motion for appointment of counsel.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from Santa Cruz County, which is in the Northern District of California. Therefore, the petition should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may

-1-

1  transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v.
2  McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
3       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
4  District Court for the Northern District of California.
5
6  IT IS SO ORDERED.
7  **Dated:   April 22, 2009**               /s/  **William M. Wunderlich**
                                             UNITED STATES MAGISTRATE JUDGE

-2-