*E-Filed 4/14/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID LOSOYA, | No. C 09-1876 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| D. ADAMS, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 10) is GRANTED. Accordingly, the petition is DISMISSED.

## DISCUSSION

A. <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the

conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).  "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

B.   Timeliness of the Petition

According to the petition, petitioner was convicted on April 3, 1978 in the Santa Cruz County Superior Court of murder and robbery, and was sentenced to seven years to life in state prison.  Petitioner filed the instant federal habeas petition on April 20, 2009.

AEDPA's one-year time limit did not begin to run against any state prisoner before the date of the Act's 1996 enactment. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997).  A prisoner with a state conviction finalized before April 24, 1996, therefore had until April 24, 1997, to file a federal habeas petition on time. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Although petitioner does not give the date on which his conviction became final, the Court can reasonably assume that it became final years before April 24, 1997.  On this record, absent tolling, the petition is barred by AEDPA's statute of limitations, § 2244(d), because petitioner did not file his federal action by April 24, 1997.

C.   Statutory and Equitable Tolling

  1.   Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2).

United States District Court
For the Northern District of California

Petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, such as is the case here, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Because petitioner filed his state habeas petitions after AEDPA's statute of limitations ended, he is not entitled to statutory tolling. Furthermore, petitioner has not asserted any basis for equitable tolling. Accordingly, respondent's motion to dismiss is GRANTED. The petition is DISMISSED.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (Docket No. 10) is GRANTED. Accordingly, the petition, and therefore the action, is DISMISSED. Judgment will be entered in favor of respondent.

Petitioner's motion for an evidentiary hearing (Docket No.11) is DENIED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket Nos. 10 & 11.

The Clerk shall enter judgment in favor of respondent, terminate all pending motions, and close the file.

**IT IS SO ORDERED**.

DATED: April 14, 2010

RICHARD SEEBORG
United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

David Losoya
B 92935
Corcoran State Prison
P. O. Box 8800
Corcoran, CA 93212

DATED: 04/14/2010

s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.